# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

FESTUS O. OHAN,

        Plaintiff,

    v.

ZION, ISRAEL, SAUDI ARABIA, THE EUROPEAN UNION, and THE UNITED STATES OF AMERICA,

        Defendants.

Case No. 3:22-cv-00266-RRB

## ORDER OF DISMISSAL

On December 12, 2022, self-represented litigant Festus O. Ohan ("Plaintiff") brought suit against Zion, Israel, Saudi Arabia, the European Union, and the United States of America ("Defendants").[1] Plaintiff also filed a civil cover sheet and an Application to Waive the Filing Fee.[2] He also paid the filing fee (receipt #100002143).[3] Plaintiff subsequently filed multiple "Additional Related Documents" and "Notices."[4]

---

[1] Docket 1. Although Plaintiff names five defendants on the first page, his Complaint includes only three claims. Claim 1 is against Zion; Claim 2 is against Israel; and Claim 3 is against Saudi Arabia. Docket 1 at 3–5.

[2] Dockets 1–3

[3] Docket 1.

[4] Notices are a type of filing that rarely should be used and only for administrative functions—*i.e.,* to notify the court of a change of address or for an attorney to appear to represent a client. Notices that do not comply with the procedural rules cannot be considered and should not be filed.

Plaintiff brings his Complaint "under (1) preplanned genocides and fraud[, and] (2) 'Act of God,' false Claims and acquisitions."[5] Plaintiff's claims, like others he has filed, contain unintelligible statements and allegations that are difficult to follow, frivolous, or otherwise clearly devoid of merit. For relief, Plaintiff seeks damages in the "zillions."[6] Plaintiff also requests an order that offenders must relinquish all real property and pay reparations, and several declarations regarding "biblicated [sic] rulings … abominable acts," and Qui Tam.[7]

While non-prisoner complaints are not subject to 28 U.S.C. § 1915(e) or 1915A screening requirements when the filing fee is paid, the Court retains the inherent authority to *sua sponte* dismiss a claim for failure to comply with Federal Rule of Civil Procedure 8 ("Rule 8")[8] or for lack of jurisdiction.[9] To the extent the Court can decipher the Complaint, it is immediately apparent that the pleading is fundamentally flawed. Indeed, this Court either lacks jurisdiction over Plaintiff's claims or the claims are unsupported by any "cognizable legal theory" and, thus, warrant dismissal.

---

[5] Docket 1 at 1.

[6] Docket 1 at 6.

[7] *Id.*

[8] Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss a complaint with prejudice for failure to comply with Rule 8(a).

[9] See *United States v. Hays*, 515 U.S. 737, 742 (1995) ("federal courts are under an independent obligation to examine their own jurisdiction.").

*Ohan v. Zion et al.*
Order Dismissing Complaint with Leave to Amend
Page 2 of 11
Case 3:22-cv-00266-RRB   Document 14   Filed 03/29/23   Page 2 of 11

Although the Court is doubtful Plaintiff can allege facts to state a valid claim, in the interests of fundamental fairness, the Court **GRANTS** Plaintiff **30 days** to file an Amended Complaint that complies with the Local and Federal Rules of Civil Procedure. The Court offers the following guidance should Plaintiff choose to amend his Complaint.

### Federal Rule of Civil Procedure 8 ("Rule 8")

A complaint violates Federal Rule of Civil Procedure 8 when it is "needlessly long, ... highly repetitious, or confused, or consist[s] of incomprehensible rambling."[10] The Court "simply does not have the resources" to ignore the pleading requirements of Rule 8.[11] Instead, the Court must insist on compliance with Rule 8. Any amended complaint must only contain a "short and plain statement of the claim,"[12] and "each allegation must be simple, concise, and direct."[13]

### Jurisdiction

Jurisdiction is "[a] court's power to decide a case or issue a decree."[14] A court's subject matter jurisdiction is its "statutory or constitutional power to

---

[10] *Calfasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1059 (9th Cir. 2011).

[11] *See Savage v. Dickinson*, 2013 WL 78475 at *3 (E.D. Cal. Jan. 4, 2013) ("The court simply does not have the resources to scour the 59 pages of plaintiff's complaint and 90 pages of exhibits and organize the allegations contained therein.").

[12] Fed. R. Civ. P. 8(a)(2).

[13] Fed. R. Civ. P. 8(d)(1).

[14] BLACK'S LAW DICTIONARY (11th ed. 2019).

*Ohan v. Zion et al.*
Order Dismissing Complaint with Leave to Amend
Page 3 of 11
Case 3:22-cv-00266-RRB   Document 14   Filed 03/29/23   Page 3 of 11

adjudicate a case."[15] As a federal court, this Court has limited subject matter jurisdiction. It possesses "only that power authorized by the Constitution and statute."[16] This means that the Court has the authority to hear only specified types of cases.[17] "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331."[18] The burden of establishing jurisdiction rests upon the party asserting jurisdiction.[19] Despite great effort and liberal construction in reading the Complaint, the Court cannot ascertain the precise substance of plaintiff's grievances, who is allegedly responsible, nor what rights under the Constitution or laws of the United States Plaintiff believes were violated.

## Claims Against "Zion"

Plaintiff brings suit against "Zion → Zionic Movements" a citizen of "United Kingdom, USA, Washington DC, USA + Global, Utah" working as a "Religious Group" for "Non-Profit Group." Like his other claims, Plaintiff's narrative includes unintelligible statements and allegations that are difficult to follow. From what the

---

[15] *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 89 (1998).

[16] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also, e.g. A-Z Intern. V. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003).

[17] *See, e.g., United States v. Marks*, 530 F.3d 779, 810 (9th Cir. 2008); *Daimler Chrysler v. Cuno*, 547 U.S. 332, 342 (2006); *United States v. Sumner*, 226 F.3d 1005, 1010 (9th Cir. 2000).

[18] *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005).

[19] *Kokkonen*, 511 U.S. at 377.

*Ohan v. Zion et al.*
Order Dismissing Complaint with Leave to Amend
Page 4 of 11
Case 3:22-cv-00266-RRB   Document 14   Filed 03/29/23   Page 4 of 11

Court can discern, Plaintiff attempts to bring suit against a potentially limitless number of unknown defendants for generations of events stemming from the beginning of time. Plaintiff presents the Court with a theory of far-reaching conspiracy describing decades of "Zionic movements" where people multiplied, "acted as gods/lords to universally commit all kinds of abominable acts and use religion, constitutions, and legislations to control subjects," massacred property owners, and falsified history.[20]

The "case or controversy" requirement of Article III of the United States Constitution limits the federal courts' jurisdiction by requiring that plaintiffs have "standing" to bring the lawsuit.[21] In order to have standing, a party "must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties."[22] To the extent Plaintiff might assert a claim based on any violation of his ancestors' federal constitutional rights, a plaintiff may not be awarded damages based on the violation of another individual's federal constitutional rights. To the extent Plaintiff intends to assert a claim for damages based on violations of his rights, Plaintiff's Complaint does not include (1) the specific harm that Plaintiff is alleging has occurred to him; (2) when that harm occurred; (3) where that harm was caused; and (4) who he is alleging caused that

---

[20] Docket 1 at 3.

[21] *See, e.g., Alaska Right to Life Pol. Action Comm. v. Feldman*, 504 F.3d 840, 848–49 (9th Cir. 2007).

[22] *Warth v. Seldin*, 422 U.S. 490, 499 (1975).

*Ohan v. Zion et al.*
Order Dismissing Complaint with Leave to Amend
Page 5 of 11
Case 3:22-cv-00266-RRB    Document 14    Filed 03/29/23    Page 5 of 11

specific harm to him. Plaintiff is advised that unnamed defendants must be identified before an action can go forward.

### Claims Against Israel, Saudi Arabia, and the European Union

The Foreign Sovereign Immunities Act ("FSIA") provides the sole basis for obtaining jurisdiction over a foreign state in the courts of this country.[23] If it is apparent from the pleadings or uncontested that a defendant is a foreign state, as in this case,[24] "the burden of production shifts to the plaintiff to offer evidence that an exception applies."[25] Unless a specified exception to foreign sovereign immunity applies, the Court lacks jurisdiction.[26]

### Claims Against the United States and United Nations

Although Plaintiff names the United States and United Nations on the face of his Complaint, he does not allege specific facts regarding how either defendant violated his rights. A complaint that "names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff"

---

[23] 28 U.S.C.A. § 1602.

[24] *Phaneuf v. Republic of Indonesia,* 106 F.3d 302, 306 (9th Cir. 1997); *see also Butler v. Sukhoi Co.,* 579 F.3d 1307, 1313 n.8 (11th Cir. 2009); *Big Sky Network Can., Ltd. v. Sichuan Provincial Gov't,* 533 F.3d 1183, 1189 (10th Cir. 2008); *Robinson v. Gov't of Malay.,* 269 F.3d 133, 141 n.7 (2d Cir. 2001).

[25] *Id*. *See also Siderman de Blake,* 965 F.2d at 707–08 (discussing whether plaintiffs met their burden of production that exceptions to the FSIA applied); *Randolph v. Budget Rent-A-Car,* 97 F.3d 319, 323 (9th Cir. 1996) (federal jurisdiction does not attach until it is determined that the foreign sovereign lacks immunity under the provisions of the FSIA.).

[26] *Corzo v. Banco Central de Reserva del Peru,* 243 F.3d 519, 522 (9th Cir. 2001) ("The [FSIA] conflates the usually distinct questions of sovereign immunity, subject matter jurisdiction, and personal jurisdiction.").

*Ohan v. Zion et al.*
Order Dismissing Complaint with Leave to Amend
Page 6 of 11
Case 3:22-cv-00266-RRB   Document 14   Filed 03/29/23   Page 6 of 11

may be dismissed under Rule 8(a)(2).[27] Plaintiff must tell the Court (1) what law Defendant broke; (2) what Defendant did that broke the law; and (3) how Plaintiff was harmed by Defendant's conduct.

## Conclusion

"Unless it is absolutely clear that no amendment can cure the defect ... a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."[28] Plaintiff is granted **one** opportunity to amend in accordance with the guidance provided in this Order. The Court strongly encourages Plaintiff to limit any Amended Complaint to 30 pages or less[29] and to file an amended complaint in accordance with the guidance herein.

## Caution to Plaintiff

Having concluded that leave to amend is warranted, the Court next addresses the voluminous filings with which Plaintiff has inundated this Court and the Clerk's office since submitting his Complaint. While the Court may act with

---

[27] *Cf. Morabito v. Blum*, 528 F. Supp. 252, 262 (S.D.N.Y. 1981) (describing the "well-settled" practice of dismissing pursuant to Rule 8(a)(2) a complaint that "names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff").

[28] *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *accord Cuoco v. Moritsugu*, 222 F.3d 99, 112 (opining courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a claim might be stated." (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999))).

[29] *See Todd v. Ellis*, 2013 WL 3242229 at *2 (E.D. Cal. 2013) (ordering pro se plaintiff to limit its amended complaint to "no more than 20 pages total (including any exhibits or attachments)"); *Struggs v. Pfeiffer*, 2019 WL 6211220, at *2 (E.D. Cal. 2019) ("Twenty-five pages is more than sufficient for [p]laintiff to identify his claims and set forth specific facts in support of those claims.").

*Ohan v. Zion et al.*
Order Dismissing Complaint with Leave to Amend
Page 7 of 11
Case 3:22-cv-00266-RRB   Document 14   Filed 03/29/23   Page 7 of 11

leniency towards a self-represented litigant, attorneys and self-represented litigants are expected to know and comply with the same rules of civil procedure and orders of the Court.[30] All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion. The Court will not consider requests made in the form of letters or notices. "The purpose of the court system is not, after all, to provide a forum for storytelling or political griping, but to resolve legal disputes."

## Privacy

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns over public access to court files. Under this rule, papers filed with the court should not contain anyone's full social-security number or full birth date; the name of a person known to be a minor; or a complete financial-account number. The Court will not review filed documents for compliance with privacy or other protective law, nor will the Court as a matter of course seal documents containing personal data identifiers or redact documents. Any future filings may include only the last four digits of a social-security number and taxpayer identification number;

---

[30] *Motoyama v. Hawaii, Dept. of Transp.*, 864 F. Supp. 2d 965, 976 (D. Haw. 2012); *see also King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (establishing self-represented litigants are bound by the same procedural rules as represented parties).

*Ohan v. Zion et al.*
Order Dismissing Complaint with Leave to Amend
Page 8 of 11
Case 3:22-cv-00266-RRB   Document 14   Filed 03/29/23   Page 8 of 11

the year of someone's birth; a minor's initials; and the last four digits of a financial-account number.

**IT IS THEREFORE ORDERED**:

1. The Complaint is **DISMISSED**. The Court grants leave to amend.

2. Plaintiff is accorded **30 days** to file **one of the following**:

    a. <u>First Amended Complaint</u>, in which Plaintiff restates his claims to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order. An amended complaint replaces the prior complaints in its entirety.[31] Plaintiff need not supply legal research, only the facts that he alleges in support of an amended complaint. Plaintiff must include all of the claims he seeks to bring in an amended complaint. Any claims not included in the amended complaint will be considered waived. Any exhibits attached to the amended complaint should be submitted without alteration by Plaintiff; **OR**

    b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case.

3. At all times, Plaintiff must keep the Court informed of any change of address. Such notice shall be titled "NOTICE OF CHANGE OF ADDRESS." This notice must not include any requests for any other relief, and it must be

---

[31] *See* Fed. R. Civ. P. 15 and Local Civil Rule 15.1.

*Ohan v. Zion et al.*
Order Dismissing Complaint with Leave to Amend
Page 9 of 11
Case 3:22-cv-00266-RRB   Document 14   Filed 03/29/23   Page 9 of 11

served on any Defendant's attorney who makes an appearance in this case. Failure to file a notice of change of address may result in the dismissal of this case under Rule 41(b) of the Federal Rules of Civil Procedure without further notice to Plaintiff.

4. Aside from an Amended Complaint or a Notice of Change of Address, the Court discourages the filing of other documents with the Court. The Court cautions that filing unnecessary motions or attempts to serve other parties without guidance from the Court may result in the summary denial of motions without consideration, orders halting such actions, or delay in the litigation.

5. Any request for relief from judgment must be in the form of a motion and must comply with the applicable Federal Rules of Civil Procedure and the Local Civil Rules for the District of Alaska.

6. Each litigant is responsible for keeping a copy of each document filed with the Court. When a litigant mails a document to the Court, the Court will mail to the litigant a Notice of Electronic Filing ("NEF") that will indicate when that document was filed on the docket and the docket number of the document. Copies of documents that have been filed with the Court may be obtained from the Clerk's Office for $0.50 per page. In the event of special circumstances or serious financial need, a party may file a motion asking for the cost of copies to be waived or reduced.

*Ohan v. Zion et al.*
Order Dismissing Complaint with Leave to Amend
Page 10 of 11
Case 3:22-cv-00266-RRB   Document 14   Filed 03/29/23   Page 10 of 11

7. The Clerk of Court is directed to send Plaintiff the following forms with this order: (1) Complaint Form for a Civil Case; (2) form PS09, Notice of Voluntary Dismissal; (3) form PS23, Notice of Change of Address; and (4) the District Court's handbook, "Representing Yourself in Alaska's Federal Court."

DATED this 29th day of March, 2023, at Anchorage, Alaska.

/s/ Ralph R. Beistline
RALPH R. BEISTLINE
Senior United States District Judge

*Ohan v. Zion et al.*
Order Dismissing Complaint with Leave to Amend
Page 11 of 11
Case 3:22-cv-00266-RRB   Document 14   Filed 03/29/23   Page 11 of 11