# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| FESTUS O. OHAN,<br><br>              Plaintiff,<br><br>      v.<br><br>ZION, ISRAEL, SAUDI ARABIA, THE EUROPEAN UNION, and THE UNITED STATES OF AMERICA,<br><br>              Defendants. | Case No. 3:22-cv-00266-RRB |

## ORDER OF DISMISSAL

On April 25, 2023, self-represented litigant Festus O. Ohan ("Plaintiff") filed a First Amended Complaint.[1] While non-prisoner complaints are not subject to 28 U.S.C. § 1915(e) or 1915A screening requirements when the filing fee is paid, the Court retains the inherent authority to dismiss a claim for failure to comply with Federal Rule of Civil Procedure 8 ("Rule 8")[2] or for lack of jurisdiction.[3] The Court dismissed Plaintiff's initial complaint explaining the Court "lacks jurisdiction over Plaintiff's claims or the claims are unsupported by any cognizable legal theory and,

---

[1] Docket 15.

[2] Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss a complaint with prejudice for failure to comply with Rule 8(a).

[3] See *United States v. Hays*, 515 U.S. 737, 742 (1995) ("federal courts are under an independent obligation to examine their own jurisdiction.").

thus, warrant dismissal."[4]  However, in the interests of justice, the Court provided guidance and "granted one opportunity to amend in accordance with the guidance provided in this Order."[5]

Upon review, Plaintiff's Amended Complaint suffers from the same deficiencies.  As an initial matter, Plaintiff allegations are not "simple, concise, and direct."[6]  Further, the Court is unable to establish a basis for jurisdiction, and the events described appear to be facially time-barred by the Statute of Limitations.  Plaintiff's Amended Complaint includes three pages of the Court's template complaint form[7] but substitutes the "Claims" and "Injuries" section with four pages of type-written pages consisting of confusing and irrelevant narrative.[8]  Although Plaintiff clarifies the identity of "Zion" as "Zion Bank Corporation,"[9] he fails to describe specific actions taken by Defendant Zion that violated his constitutional rights.[10]  Plaintiff also fails to link the remaining four "Financial Institution and Government" Defendants—Israel, Saudi Arabia, the United Nations, and the

---

[4] Docket 14 at 2 (internal quotation marks omitted).

[5] Docket 14 at 9.

[6] Fed. R. Civ. P. 8(d)(1).

[7] Plaintiff completed three pages of the Court's form, including Section A: Jurisdiction, Section B: Parties, and Section D: Request for Relief.  *See* Docket 15.

[8] Docket 15 at 3–6.

[9] Docket 15 at 1–2.

[10] Docket 15 at 3–6.

Case No. 3:22-cv-00266-RRB, *Ohan v. Zion et al.*
Order Dismissing Case with Prejudice
Page 2 of 4
Case 3:22-cv-00266-RRB   Document 16   Filed 05/03/23   Page 2 of 4

United States[11]—to any specific violations and has not provided an exception to immunity for the Court to establish jurisdiction. Further, even if the Court could discern a plausible claim, Plaintiff describes events that are facially time-barred by the two-year statute of limitations.[12] Although Plaintiff alleges these events and his damages are ongoing, the Court cannot discern a reason the statute should be tolled.[13] If a claim is not filed within the applicable statute of limitations, dismissal is proper even if the plaintiff is self-represented.[14]

Given Plaintiff's repeated failures to keep his filings short and simple, follow the rules of civil procedure and orders of the Court, and include only proper defendants and claims, the Court will not grant leave to amend. Accordingly, this case must be dismissed with prejudice.

**IT IS THEREFORE ORDERED**:

---

[11] Docket 15 at 2.

[12] *See* Docket 15 at 3 (describing events occurring at "age 4"); Docket 15 at 5 (events occurring "December 1981"); and Docket 15 at 6 (from "1958 to present time").

[13] *See* Alaska Stat. § 09.10.070(a) ("Except as otherwise provided by law, a person may not bring an action ... unless the action is commenced within two years of the accrual of the cause of action.").

[14] *Robinson v. Alaska Hous. Fin. Corp.*, 442 P.3d 763, 766, 769 (Alaska 2019) (dismissing self-represented plaintiff's complaint for failure to bring tort claim within two years of cause of action's accrual); *see also Holmes v. Forman,* 2023 WL 319918, at *3 (C.D. Cal. Jan. 19, 2023) (finding claims time-barred since "none of these later events have shed any new light on the conduct of Defendants that Plaintiff alleges violated his rights. In other words, as of more than 20 years ago, Plaintiff knew or should have known everything he knows now about the alleged conduct that is the basis of his action.").

Case No. 3:22-cv-00266-RRB, *Ohan v. Zion et al.*
Order Dismissing Case with Prejudice
Page 3 of 4
Case 3:22-cv-00266-RRB   Document 16   Filed 05/03/23   Page 3 of 4

1. Plaintiff's claims are DISMISSED WITH PREJUDICE as barred by the statute of limitations, lack of jurisdiction, and failure to comply with Federal Rule of Civil Procedure and the Court's previous orders;

2. Plaintiff's Application to Waive the Filing Fee at Docket 3 is DENIED AS MOOT[15];

3. The Clerk of Court shall enter a final judgment.

DATED this 3rd day of May, 2023, at Anchorage, Alaska.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

---

[15] Although Plaintiff paid the filing fee, he also submitted an Application to Waive the Filing Fee.